

FILED
NOV 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA A. FREY<br>9100 STERLING MONTAGUE DR.<br>GREAT FALLS, VA 22066-4004<br>703-865-5370<br>*Plaintiff*<br><br>v.<br><br>DEPARTMENT OF ENERGY,<br>FORRESTAL BUILDING<br>1000 INDEPENDENCE AVE., S.W.,<br>Washington, DC 20585,<br><br>*Defendant* | )<br>)<br>Case: 1:07-cv-02083<br>Assigned To : Bates, John D.<br>Assign. Date : 11/15/2007<br>Description: FOIA/Privacy Act<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR RELIEF UNDER
## THE FREEDOM OF INFORMATION ACT

**Introduction**

1. Plaintiff, Cynthia A. Frey, brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Department of Energy to produce copies of all DOE records submitted to, used by, or issued by the Agency related to an IG investigation conducted into misconduct in the Office of Pipeline Certificates at the Federal Energy Regulatory Commission (FERC), as described below.

**Jurisdiction**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff is an attorney advisor at the Federal Regulatory Energy Commission (FERC).

4. Defendant, the Department of Energy (DOE), is an agency of the United States. DOE and the Inspector General of the Department of Energy (OIG), its Office of Hearings and Appeals (OHA) and its Office of the Executive Secretariat have possession and control of the records at issue in this action.

**The Procedural Path of the FOIA request**

5. On February 15, 2002, Plaintiff filed a FOIA request for copies of documents related to an OIG investigation conducted into alleged criminal misconduct in the Office of Pipeline Certificates at the Federal Energy Regulatory Commission. On May 9, 2002, the OIG released

three documents in their entirety, released 32 documents with material withheld pursuant to FOIA Exemptions 6 and 7(C), and released two documents with material withheld under Exemptions 5, 6, and 7(C). The documents released by the OIG to the Plaintiff were heavily redacted and indecipherable.

6. On July 9, 2002, Plaintiff filed an appeal with OHA protesting the failure of the OIG to release the interviews of Maynard Ugol, her former supervisor at FERC, and Deborah Grayson, a secretary at FERC. Plaintiff argued that the OIG released a "heavily redacted, partial response that gave the impression that the investigation had ended months before Maynard Ugol testified to OIG investigator, Yvette Milam."

7. Mr. Ugol testified twice to Yvette Milam, the first time in the summer or early fall of 1996, and for the second time in late November or early December 1996. Mr. Ugol retired in January 1997. The appeal filed by Plaintiff on July 9, 2002, OHA Case No. VFA-0754 was denied on December 2, 2002, based on the privacy interests of Maynard Ugol and Deborah Grayson.

8. On June 30, 2004, Plaintiff, through her counsel, sent a letter to OHA, requesting copies of all DOE records submitted to, used by, or issued by the agency in reaching its decision and order of December 2, 2002. OHA responded to Plaintiff's request on July 15, 2004, as it stated in its October 22, 2004 order by "providing copies of the 'documents contained in its case file' in Case No. VFA-0754" despite the fact that Plaintiff had requested a broader submittal, as described above. The Office of the Executive Secretariat responded to Plaintiff's request on August 4, 2004, providing little or nothing relevant to the request. OIG responded to Plaintiff's June 30, 2004 request on August 30, 2004. In its response, OIG stated that it had no responsive

documents other than those that it had already provided to Plaintiff in May 2002, and therefore would not be providing any more documents.

9. On September 29, 2004, Plaintiff filed another appeal (Case No. TFA-0072) challenging the response of OIG and OHA to her June 30, 2-04 request. Additionally, on September 30, 2004, Plaintiff filed a Request for Reconsideration (Case No. TFA-0073) of the Decision and Order that the DOE's Office of Hearings and Appeals issued on December 19, 2002. Plaintiff provided evidence of the death of Maynard Ugol, extinguishing his right to privacy, the basis of the OHA's denial of her earlier appeal on December 2, 2002.

10. In her September 29, 2004 appeal, Plaintiff argued that OHA's response to her June 30, 2004 request, was incomplete, because it "did not include any of the OIG's investigative records . . . despite the fact that OHA obtained and reviewed 'unredacted copies' of such materials. OHA October 22, 2004 Order. " Plaintiff appealed OIG's refusal to produce documents responsive to her request. Plaintiff also argued that the response of the Office of the Executive Secretariat was incomplete, because it did not include any of OIG's investigative records.

11. On October 22, 2004, Dockets TFA-0072 and TFA- 0073 were combined, and Plaintiff's appeal was denied in part and granted in part. The OHA stated, "We are remanding to OIG the matter of whether any documents pertaining to Mr. Ugol created or obtained in the course of the OIG investigation described above may now be released to [Plaintiff], in light of the evidence [she] has submitted regarding his death." The remand was limited to Mr. Ugol's testimony concerning drug use and leave abuse.

### Response to OHA Remand by the Office of Inspector General of DOE

12. The OIG responded by producing more records of the investigation, but completely denied that the second interview and testimony by Maynard Ugol in late November or early December 1996, had ever taken place. In fact, Ms. Milam had called Plaintiff at home early in the drab winter morning before Mr. Ugol arrived for the second interview, and confirmed it later, by stating, "He sure talked."

### Request

13. Plaintiff incorporates the allegations of paragraph1 through 12 above. Plaintiff requests all of the testimony of Maynard Ugol, particularly that of his second interview with Ms. Yvette Milam in late November or early December of 1996, as well as all investigative materials, notes and tapes, and copies of all DOE records submitted to, used by, or issued by the agency pertaining thereto. Plaintiff also particularly requests that the Court not allow DOE to define the range of testimony or materials contained in a self-defined case file, such OHA did in its July 15 2004 submittal to Plaintiff's counsel where it searched " 'documents contained in its case file' in Case No. VFA-0754" as noted in Paragraph 8 above. Plaintiff is aware that some of Mr. Ugol's testimony is about her, and it is related to US District Court for the District of Columbia Civil Docket Case No: 1:05-cv-00769-RBW.

**Claim for Relief**

i. Plaintiff incorporates the allegations of paragraphs 1 through 13 above.

ii. The materials at issue in this action are agency records of the DOE within the meaning of 5 U.S.C. § 552. The Plaintiff has requested release of these records under FOIA. DOE has either denied or withheld release, and the Plaintiff has exhausted her administrative remedies by filing timely appeals, as described above.

iii. The Department of Energy's own Office of Hearings and Appeals has held that the requested testimony of Maynard Ugol is not exempt from release under the Freedom of Information Act.

**Relief Requested**

Wherefore, the Plaintiff prays for the following relief:

i. An injunction requiring the Department of Energy to make all of the testimony of Maynard Ugol from both of his appearance testimonies before the Office of Inspector General, and all investigative materials and documents submitted, used or produced, including the notes and recordings of Yvette Milam, available to the Plaintiff forthwith;

ii. An award of costs and reasonable attorney fees as authorized by FOIA, 5 U.S.C. § 552(a)(4)(E) and/or the Equal Access to Justice Act, 28 U.S.C. § 2412;

iii. Such other and further relief as the Court may deem proper.

Respectfully submitted,

*Cynthia A. Frey*
Cynthia A. Frey
*Plaintiff Pro Se*
November 15, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CYNTHIA A. FREY | DEPARTMENT OF ENERGY |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (N/P)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
9100 STERLING MONTAGUE DR.
GREAT FALLS, VA. 22066
703.865.5370

Case: 1:07-cv-02083
Assigned To : Bates, John D.
Assign. Date : 11/15/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property | Bankruptcy | Forfeiture/Penalty |  |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 - F.O.I.A.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO    If yes, please complete related case form.
No.

DATE 11.15.07    SIGNATURE OF ATTORNEY OF RECORD  NKD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.